**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

**UNITED STATES OF AMERICA**

       -against-

                                                 04 CR 140 (FB)

**CONSUELO CARRETO VALENCIA,**

              Defendant.

------------------------------------------------------------------x

## ADDENDUM TO
## DEFENDANT'S SENTENCING MEMORANDUM

                                      **JOHN S. WALLENSTEIN, ESQ.**
                                      **Attorney for Defendant**
                                      1100 Franklin Avenue
                                      Garden City, New York 11530
                                      (516) 742-5600

This Memorandum is respectfully submitted on behalf of the Defendant, Consuelo Carreto Valencia, in connection with her sentencing, currently scheduled for October 30, 2009. This Addendum to the original Sentencing Memorandum is submitted because the Probation Department, after review of the original memorandum, has adhered to its original position with respect to the role enhancement which the PSR ascribes to this defendant.

In the original Sentencing Memorandum, we pointed out the reasons why the role enhancement is inappropriate, and cited authority for same. Those arguments and assertions are still valid, and need not be repeated here. However, the Probation Department, in the Addendum dated October 28, 2009, misinterprets the prevailing Second Circuit law on the subject. The final paragraph of their brief Addendum asserts that Eliu Carreto Fernandez "worked for the defendant", and then goes on to reinforce the original claims related to the treatment of victims and that the defendant profited from the offense.

There is no doubt that the victims of this offense were treated poorly, and the defendant has not contested that aspect, nor has she contested the allegations that she profited from the offense. Neither of these situations, however, gives rise to an enhancement for being a manager or supervisor of a criminal enterprise, since exercising control over the victims is not the same

as exercising supervisory authority over co-conspirators. That is the gravamen of the objection raised by the defense in the original Sentencing Memorandum, and that is the point that is misinterpreted by the Probation Department.

We agree that the case law provides for enhancements in a situation where a defendant exercises some supervisory authority over others involved. However, the logic employed in Probation's analysis is simply incorrect; commanding respect from victims, and treating victims poorly, does not lead to the conclusion that she was a supervisor of others in the offense, only that she participated therein, something which (by virtue of her guilty plea) is uncontested.

Likewise, the mere fact that Eliu was a driver, and occasionally picked up money, is not what the Sentencing Commission intended nor what the Second Circuit meant when they discuss the exercise of control over others involved in a conspiracy. Eliu's role was to drive Consuelo around, and to perform tasks delegated by Josue and Gerardo, including the pickup of money. That Consuelo may have occasionally told Eliu when to do things does not make her a supervisor or manager; in fact, her two sons were the "shotcallers" in this enterprise, and all participants did what they said to do.

Therefore, we respectfully request that the Court deny the Probation Department's request to impose a three level role enhancement in the calculation of the defendant's guidelines. In all other respects, we urge the Court to adopt the calculations and accept the arguments made in the original Sentencing Memorandum.

        Respectfully submitted,

        /S/ JOHN S. WALLENSTEIN

        JOHN S. WALLENSTEIN

DATED:   Garden City, New York
              October 29, 2009