bsg/KN
F.# 2004R00374

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

CONSUELO CARRETO VALENCIA

Defendant.
- - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 31 2009 ★
BROOKLYN OFFICE

**PRELIMINARY
ORDER OF FORFEITURE**
Cr. No 04-0140 (FB)

WHEREAS, the defendant CONSUELO CARRETO VALENCIA (the "Defendant") has pleaded guilty to Count Two of the above-captioned Indictment (the "Indictment"), charging a violation of 18 U.S.C. § 1591(a)(1);

WHEREAS, the United States of America now seeks forfeiture of the sum of twenty-nine thousand nine hundred fifty dollars and no cents ($29,950.00), more or less, (the "Seized Currency"), FP&F # 2004-1001-000335-01, seized on or about July 29, 2004 at 24-59 95th Street, East Elmhurst, New York 11379, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 1594(d), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), as property that constitutes, or is derived from, proceeds the Defendant obtained, directly or indirectly, as a result of her violation of 18 U.S.C. § 1591(a)(1) and/or as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of her violation of said offense and/or as substitute assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, the government has proffered the following regarding the Seized Currency: (1) that the Seized Currency was seized from Edith Mosquera de Flores on or about July 29, 2004; (2) that Ms. Mosquera de Flores operated a brothel where victims of the Carreto family sex trafficking ring, including Jane Doe #1, were forced into prostitution; (3) that the brothel generated proceeds for the Carreto family sex trafficking ring; and (4) that, according to statements made by Ms. Mosquera de Flores to government agents, the Seized Currency constituted proceeds of the brothel at which Jane Doe #1, among others, were forced into prostitution.

WHEREAS, the Defendant does not object to the forfeiture of the Seized Currency and has knowingly and voluntarily waived: (1) her right to any required notice concerning the forfeiture of the Seized Currency; (2) her right, if any, to a jury trial on the forfeiture of said property; and (3) all constitutional, legal and equitable defenses to the forfeiture of the Seized Currency, including, but not limited to, any defenses based on principles of double jeopardy, the *ex post facto* clause of the Constitution, the Eighth Amendment of the Constitution (including a claim of excessive fines), the statute of limitations, or venue;

WHEREAS, based upon the government's proffer, the Court finds that the Defendant has a legal interest in the Seized

3

Currency, which interest shall be forfeited to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 1594(d), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the Defendant's right, title and interest in the Seized Currency is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law, as follows;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov and of its intent to dispose of the Seized Currency in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Currency as a substitute for published notice as to those persons so notified;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Department of Homeland Security and Immigration Customs Enforcement and all of its duly authorized agents and/or contractors are hereby authorized to maintain the Seized Currency and to dispose of it upon completion of all proceedings, in

4

accordance with Fed. R. Crim. P. 32.2(b)(3), governing third-party rights, including publication of this Order of Forfeiture;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the United States District Court for the Eastern District of New York shall retain jurisdiction in the case for the purpose of enforcing this Order of Forfeiture and any supplemental orders of forfeiture as may be necessary;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall become final as to the Defendant and at the time of sentencing shall be made part of her sentence and included in her judgment of conviction; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Clerk of the Court shall forward five certified copies of this Order to the United States Attorney's Office, 271 Cadman Plaza, 7th Floor, Brooklyn, New York 11722, Attn: Assistant U.S. Attorney Kathleen Nandan.

Dated: Brooklyn, New York
November __, 2009

S/FB

HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE